**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE P. LeBLANC,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN SOTO, *et al.*,<br><br>        Defendants. | Case No. CV 16-02823 JLS (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On April 25, 2016, plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's claims arise from incidents that took place while he was incarcerated at the California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"). (Doc. No. 1 at 3.)[1] The Complaint names as defendants Warden John Soto and Lieutenant G. Marshall. Both defendants are named in their individual and official capacities. (*Id*. at 4.)

---

[1] The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state a claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than June 15, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim

## DISCUSSION

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint

---

or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Initially, the Eleventh Amendment bars plaintiff's federal civil rights claims for monetary damages against any individual defendant in his or her official capacity. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. University of California*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Because the California Department of Corrections and Rehabilitation ("CDCR") is a state agency, it is immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Since the two defendants named in the Complaint are alleged to be employees of the CDCR, plaintiff may not seek monetary damages against state employees in their official capacities.

In addition, plaintiff appears to be purporting to raise a claim under the Eighth Amendment for denial of the "ability to exercise." (Doc. No. 1 at 5.) However, plaintiff only names as defendants the Warden of CSP-LAC and Lieutenant Marshall, who plaintiff identifies as the "Senior Hearing Officer who ordered disciplinary action on this RVR." (*Id.*) Plaintiff appears to be alleging that Marshall assessed plaintiff "60 days loss of yard privileges in violation of" prison regulations and as part of a disciplinary action. But then plaintiff claims that the assessment was "done as part of an informal policy of disciplinary actions by [Senior Hearing Officers] that take on inmate yard [sic] and ability to exercise." (*Id.*) Plaintiff also alleges that the grievance procedure was "moot and unavailable" because it takes an "extra 30 days to hear from the Appeals Coordinator." In addition, Warden Soto is alleged to have "allowed this policy to be applied across LAC-CSP." (*Id.* at 6-7.) Plaintiff's Complaint, however, does not allege that he was ever deprived of outdoor exercise.

To the extent that plaintiff is purporting to raise a claim against these defendants for violating prison regulations or state law, a defendant's alleged failure to comply with state law or prison regulations simply does not give rise to a federal civil rights claim. Rather, in order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis in original)).

In addition, to the extent that plaintiff is purporting to raise a claim pursuant to the Eighth Amendment's proscription against cruel and unusual punishment, it is not clear what factual allegations form the basis of such a claim. The Eighth Amendment does not mandate that prisons be comfortable, *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), or that they provide every amenity that a prisoner might find desirable, *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), but it will not permit inhumane prison conditions. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. 'The more basic the need, the shorter the time it can be withheld.'" *Id.* (citing *Hoptowit*, 682 F.2d at 1259); *see also Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (finding the "repeated and unjustified failure" to provide "adequate sustenance on a daily basis" can constitute cruel and unusual punishment).

An inmate complaining of conditions of confinement must allege facts that, if true, would satisfy both prongs of a bifurcated test. First, the plaintiff must allege that, objectively, conditions are or were serious enough to be considered cruel and unusual. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Second, from a subjective point of view, the plaintiff must allege that the defendants acted with a sufficiently culpable state of mind (*i.e.*, with "deliberate indifference"). *Id.* A plaintiff may be able to state an Eighth Amendment claim based on a lack of outside exercise if "the lack of outside exercise for extended periods is a sufficiently serious deprivation." *See Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010). Here, plaintiff's bare assertion that he was assessed a "loss of yard privileges" falls short of alleging that any defendant deprived him of all outside exercise for a sufficiently extended period to give rise to a constitutional violation.

*See, e.g., Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010) (temporary denial of outdoor exercise not a substantial deprivation); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (finding that denial of opportunity to exercise for twenty-one days did not violate the Eighth Amendment).

Further, to the extent that plaintiff is purporting to hold Warden Soto liable for a "informal policy" concerning a deprivation of exercise, plaintiff fails to allege that Warden Soto was subjectively aware of a policy of imposing unconstitutional conditions on inmates' opportunities to exercise and that he acted with "deliberate indifference" to such a policy. As the Supreme Court has emphasized, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Rather, plaintiff must allege that Warden Soto, "through the official's own individual actions, has violated the Constitution." *Id.* at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). In addition, in order to premise Warden Soto's alleged liability on a policy he promulgated, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Accordingly, the Court finds that the Complaint fails to allege a minimum factual and legal basis for his claim or claims that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to

8

*pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the Complaint fails to comply with Rule 8 and fails to state a claim upon which relief may be granted.

In addition, to the extent that plaintiff is seeking injunctive relief (*see, e.g.*, Doc. No. 1 at 9), because plaintiff has been transferred from CSP-LAC, his transfer renders any such request moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402-04 (1975) (inmate's request for declaratory judgment rendered moot by inmate's transfer to another prison); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies).

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than June 15, 2016, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: May 11, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE